1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEXT GENERATION CAPITAL LLC,

     Plaintiff,

    v.

MARY THAI, et al. and  DOES 1–10,

     Defendants.

Case No.: 4:13-cv-03948-YGR

**ORDER GRANTING MOTION TO REMAND TO STATE COURT AND DENYING AS MOOT APPLICATIONS TO PROCEED *IN FORMA PAUPERIS***

United States District Court
Northern District of California

Defendants removed this action to federal court on August 26, 2013.  In the Notice of Removal, Defendants assert they are entitled to removal pursuant to 28 U.S.C. section 1331, based on federal question jurisdiction.  Defendants do not explain the federal question raised by this action. Defendants also apparently assert that diversity jurisdiction exists in this action under 28 U.S.C. section 1332.  On October 15, 2013, Plaintiff filed a Motion to Remand to State Court.  (Dkt. No. 18.) Defendants failed to respond to the Motion.  The Court finds that this Court has neither federal question jurisdiction nor diversity jurisdiction over this action and, accordingly, **GRANTS** Plaintiff's Motion to Remand to State Court.[1]  This action is hereby **REMANDED** to the Superior Court of California, County of Solano.

Under 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  However, the burden of establishing federal

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument.  Accordingly, the Court **VACATES** the hearing scheduled for November 19, 2013.

United States District Court
Northern District of California

1   jurisdiction is on the party seeking removal, and courts strictly construe the removal statute against

2   removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (internal citations

3   omitted).  Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of

4   removal in the first instance."  *Id.* at 566.  A district court *must* remand the case to state court if it

5   appears at any time before final judgment that the district court lacks subject matter jurisdiction.  28

6   U.S.C. § 1447(c).

7   　　　The Court has reviewed the "Complaint for Unlawful Detainer Following Foreclosure Sale;

8   Damages" in this action.  (*See* Dkt. No. 1, State Court Complaint, Case No. FCM135065.)  A claim

9   "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a

10  federal claim for relief.  *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009).  Defenses and

11  counterclaims asserting a federal question do not satisfy this requirement.  *Id.*; *Caterpillar Inc. v.*

12  *Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal

13  court on the basis of a federal defense.").  The federal question must be presented by the plaintiff's

14  complaint *as it stands at the time of removal*.  A federal question does not exist on the face of the

15  unlawful detainer complaint in this action.

16  　　　Moreover, there is no diversity jurisdiction in this matter.  The complaint indicates that the

17  amount demanded does not exceed $10,000.  As such, removal to federal court cannot be based on

18  diversity jurisdiction.  28 U.S.C §§ 1441(b) & 1332(a).

19  　　　Finally, the Court notes that Defendants have already attempted to remove their state court

20  unlawful detainer action to federal court.  In Case No. 13-cv-02881-JSW, Defendants filed a Notice of

21  Removal of the same state court case, Case No. FCM135065.  (*See* Dkt. No. 1 in Case No. 13-cv-

22  02881.)  That action was remanded on August 9, 2013 for lack of subject matter jurisdiction.  Less

23  than three weeks later, Defendants initiated the instant action with a second removal.

24  　　　Defendants are hereby advised that it is improper to "remove the same action [multiple times]

25  where each removal is based on the same grounds."  *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212,

26  217 (1883); *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457 (7th Cir. 2005); *S.W.S.*

27  *Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492–93 (5th Cir. 1996)).  Defendants are prohibited from

28  filing another notice of removal of Case No. FCM135065 to federal court.  Defendants are also

United States District Court
Northern District of California

1  advised that further removals may result in costs and expenses being awarded to Plaintiff following a

2  motion to remand under 28 U.S.C. section 1447(c).

3  For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**.  This action is hereby

4  **REMANDED** to the Superior Court of California, County of Solano.  The Clerk of this Court is further

5  ordered to forward certified copies of this Order and all docket entries to the Clerk of the Solano

6  County Superior Court.

7  Defendants' Applications to Proceed *in Forma Pauperis* are **DENIED AS MOOT**.

8  This Order terminates Dkt. Nos. 2–5 and 18.

9  **IT IS SO ORDERED.**

10

11  Dated: November 12, 2013

12  _____
    **YVONNE GONZALEZ ROGERS**
    **UNITED STATES DISTRICT COURT JUDGE**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28